UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DANIEL JONES,

                Plaintiff,

v.                                           **DECISION AND ORDER**
                                                 16-CV-771S

ANDREW W. CUOMO, ET AL.,

                Defendants.

Plaintiff Daniel Jones is a convicted sex offender subject to post-sentence civil confinement under Article 10 of the New York Mental Health Law. In this action brought under 42 U.S.C. § 1983, Plaintiff challenges the constitutionality of the Mental Health Law on Due Process grounds (facial challenge) and contends that his Due Process rights have been and continue to be violated in his ongoing civil-confinement proceedings (as-applied challenge). He also asserts additional constitutional claims.

Defendants have moved to dismiss Plaintiff's complaint for a host of reasons, including that Plaintiff fails to state claims upon which relief can be granted, that Defendants are absolutely immune or lack personal involvement in the alleged constitutional violations, and that Plaintiff's action is barred by Younger v. Harris, Heck v. Humphrey, and the applicable statute of limitations. 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971); 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). In turn, Plaintiff has moved to amend his complaint and for leave to use alternative methods of service. Both motions remain pending. Defendants' motion is fully briefed and under

advisement, while Plaintiff's motion has been stayed pending resolution of the motion to dismiss.  (Docket No. 15.)

Presently before this Court is Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction.  Plaintiff seeks to enjoin continuation of the ongoing civil-commitment proceedings in state court, and in particular, to enjoin a hearing scheduled to occur on October 18, 2017.  For the reasons stated below, Plaintiff's motion is denied.

Injunction relief "is an extraordinary and drastic remedy which should not be routinely granted."  Med. Soc'y of New York v. Toia, 560 F.2d 535, 538 (2d Cir. 1977); see also Borey v. Nat'l Union Fire Ins. Co. of Pittsburgh, 934 F.2d 30, 33 (2d Cir. 1991).  "The legal standards for granting a temporary restraining order and a preliminary injunction are the same."  Young-Flynn v. Wright, No. 05 Civ. 1488, 2007 WL 241332, at *7 (S.D.N.Y. Jan. 26, 2007) (quoting Gund, Inc. v. SKM Enters., Inc., No. 01 Civ. 0882, 2001 WL 125366, at *1 (S.D.N.Y. Feb. 14, 2001)).  When, as here, injunctive relief would "'affect government action taken in the public interest pursuant to a statute or regulatory scheme,' the moving party must demonstrate (1) irreparable harm absent injunctive relief, (2) a likelihood of success on the merits, and (3) public interest weighing in favor of granting the injunction."  Friends of the E. Hampton Airport, Inc. v. Town of E. Hampton, 841 F.3d 133, 143 (2d Cir. 2016) (quoting Red Earth LLC v. United States, 657 F.3d 138, 143 (2d Cir. 2011).  This heightened standard applies because "governmental policies implemented through legislation or regulations developed through presumptively

reasoned democratic processes are entitled to a higher degree of deference and should not be enjoined lightly." Able v. United States, 44 F.3d 128, 131 (2d Cir. 1995).

This Court has reviewed Plaintiff's complaint, Defendants' motion to dismiss, and Plaintiff's instant motion for injunctive relief. Based on that review, this Court finds that even assuming that Plaintiff demonstrates irreparable harm by the continuing deprivation of his constitutional rights, he has not demonstrated a likelihood of success on the merits or any public interest weighing in favor of injunctive relief. His motion is therefore denied.

As to Plaintiff's likelihood of success on the merits, it appears that his claims are likely barred by Younger v. Harris, Heck v. Humphrey, and the applicable statute of limitations. Federal courts abstain under Younger in civil enforcement proceedings that are "akin to criminal prosecutions" and in civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts." Sprint Commc'ns, Inc. v. Jacobs, __ U.S. __, 134 S. Ct. 584, 588, 591, 187 L. Ed. 2d 505 (2013). The state civil-commitment proceedings at issue here likely fall within one or both of these categories. See Dorsey v. Hogan, No. 9:09-CV-0976 (FJS/RFT), 2011 WL 7629514, at *3-*4 (N.D.N.Y. Mar. 11, 2011) (pre-Sprint case applying Younger abstention to Article 10 proceedings), reversed on other grounds, 511 Fed. Appx. 96 (2d Cir. 2013). In addition, because a decision in Plaintiff's favor would invalidate his civil confinement, his claims are likely further barred by Heck and its progeny, which bar § 1983 challenges that would invalidate involuntary confinement or retention. See, e.g., Downs v. Meyers, No. 10-CV-203, 2012 WL 1014829, at *4-*5 (N.D.N.Y. Feb. 17, 2012) (applying Heck to bar action

challenging involuntary retention at the Central New York Psychiatric Center). Moreover, at least some of Plaintiff's claims appear to be barred by the three-year statute of limitations. In addition, Defendants raise strong arguments that Plaintiff's claims are subject to dismissal for failure to state a claim and on immunity grounds. It therefore appears that Plaintiff has a very low probability of succeeding on the merits.

Finally, as to the public interest, Plaintiff has not demonstrated the existence of any public interest weighing in favor of injunctive relief. To the contrary, the public interest is served by permitting the civil-commitment proceedings to proceed to final disposition.

For the reasons stated above, Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction is denied.

IT HEREBY IS ORDERED, that Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (Docket No. 25) are DENIED.

SO ORDERED.

Dated: October 16, 2017
       Buffalo, New York

                                        /s/William M. Skretny
                                         WILLIAM M. SKRETNY
                                     United States District Judge